NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2008[*]
Decided March 26, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-3308

| | |
|---|---|
| KEITH WASHINGTON,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>SAFER FOUNDATION,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 05 C 549<br><br>Wayne R. Andersen,<br>*Judge.* |

**O R D E R**

Keith Washington, an African-American, was fired from his job at Safer Foundation, an organization that helps formerly incarcerated individuals re-enter their communities, after he violated the organization's absence policy. He filed this Title VII action against

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

Safer and two of its employees alleging race discrimination, gender discrimination, and retaliation. Washington voluntarily dismissed the individual defendants, and the district court dismissed Washington's gender discrimination and retaliation claims because he did not first present them to the EEOC. After some discovery, the district court granted summary judgment for Safer on the remaining race claims. Washington appeals from the grant of summary judgment only and we affirm.

Washington's first attendance problem was in 2002 when he failed to show up for work one day. He was issued a written reprimand and does not appear to have had any trouble getting to work until April 2004. On a Friday that month, Safer gave Washington a written policy explaining how employees were to notify a supervisor before being late or absent. The next week, Washington violated that policy three times. Without ever telling his supervisor, Washington was late on Monday, on Thursday he left early, and on Friday he failed to show up at all. Washington's supervisors met with him the following Monday and terminated him.

Washington filed a formal complaint with Safer in which he attempted to explain his absences. Among other excuses, Washington claimed that on the Thursday and Friday in question he had to go to the bank to fix an error that prevented the deposit of his paycheck. (It is worth noting that Washington is a prolific bank robber currently serving a 108-month sentence in federal prison. In criminal proceedings, he admitted to attempting to rob a bank on Thursday, April 15, 2004, one of the days he missed work at Safer.) Safer initially denied Washington's request for reinstatement, but eventually relented, offering him the chance to return if, among other conditions, he withdrew his request for back pay. Washington turned down the offer and brought this lawsuit.

We review a grant of summary judgment *de novo*, construing all facts and reasonable inferences in the nonmovant's favor. *Perez v. Illinois*, 488 F.3d 773, 776 (7th Cir. 2007). Washington attempted to prove discrimination under the indirect, burden-shifting method. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). One element of the *prima facie* case that Washington must prove under this method is that his performance met Safer's legitimate expectations. See, *e.g.*, *Barricks v. Eli Lilly and Co.*, 481 F.3d 556, 559 (7th Cir. 2007). The district court held that Washington failed to satisfy that element and that even if he could satisfy all the elements of a *prima facie* case, Safer had presented a legitimate nondiscriminatory reason for termination, the repeated absences, which Washington had failed to rebut.

We agree with the district court that Washington cannot make a *prima facie* case because he cannot establish that his performance met Safer's legitimate expectations. Washington does not dispute that he was aware of Safer's absence policy and violated it.

That is enough to doom his *prima facie* case. See, *e.g., Timmons v. General Motors Corp.,* 469 F.3d 1122, 1128 (7th Cir. 2006); *Contreras v. Suncast Corp.,* 237 F.3d 756, 761 (7th Cir. 2001). But Washington contends that we should consider whether he was meeting Safer's legitimate expectations at the same time that we consider his attempt to rebut Safer's proffered legitimate nondiscriminatory reason for his termination. See *Jones v. Union Pacific R.R. Co.,* 302 F.3d 735, 742 (7th Cir. 2002); *Simmons v. Chicago Bd. of Educ.,* 289 F.3d 488, 492 (7th Cir. 2002). But that approach would not help Washington because he has done nothing to show that Safer's proffered reason for terminating him was pretextual. He simply has produced no admissible evidence to suggest that his race, and not his absences, was "the determining factor in his discharge." *Jones,* 302 F.3d at 742. His only argument for pretext is that his termination was unjustified, but an employer's justification for termination need only be honestly held; it need not be correct. *Ptasznik v. St. Joseph Hosp.,* 464 F.3d 691, 696 (7th Cir. 2006). Washington also argues that the offer to reinstate him shows that his termination was unjustified. Even if this were so, the reinstatement offer in no way shows that his termination was motivated by race. Without any evidence to suggest a racial motivation, even if Washington could make a *prima facie* case, he could not possibly rebut Safer's legitimate nondiscriminatory reason for his termination.

Accordingly, the district court's grant of summary judgment is AFFIRMED.